MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rod Dennis Henricks,       )  | No. CV 09-8150-PCT-RCB (MEA) |
| Plaintiff,              )  | **ORDER** |
| vs.                         ) | |
| Matrese Avila, et al.,      ) | |
| Defendants.          ) | |

Plaintiff Rod Dennis Henricks, who is confined in the Apache County Jail in St. Johns, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1) and an Application to Proceed *In Forma Pauperis* (Doc. #3). The Court will dismiss the Complaint with leave to amend.

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $11.91. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . . .

. . . .

**JDDL-K**

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was

1  required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for
2  failure to state a claim, with leave to amend because the Complaint may possibly be saved
3  by amendment.

**III.    Complaint**

In his one-count Complaint, Plaintiff sues the following Defendants at the Apache County Jail: Commander Matrese Avila, Sergeant R. Garcia, and Corporal C. Bond. Plaintiff alleges he was denied his right to attorney-client confidentiality. He claims that he is indigent; his "pre-trial" is August 31, 2009; he met with his attorney on August 19th; and his attorney advised him that they were running out of time and that Plaintiff should notify the attorney immediately if Plaintiff came up with any helpful information. Plaintiff alleges that he "came up with some very valuable information" and tried to obtain an envelope so he could write his attorney with the information, but Defendants Garcia and Bond told him that, "per [Defendant] Avila," Plaintiff would not receive another envelope until the following Tuesday because he was only entitled to one envelope for his lawyer per week. Consequently, Plaintiff states that he wrote to write his attorney on postcards, his attorney told him not to send postcards, and, therefore, "[t]here is no way [he] can get a fair trial."

In his Request for Relief, Plaintiff seeks "jail reform," a fair trial, and monetary damages.

**IV.    Failure to State a Claim**

"Indigent inmates have a constitutional right to meaningful access to the courts." King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987) (citing Bounds v. Smith, 430 U.S. 817, 821-23 (1977)). This includes access to a lawyer for trial, paper and pen to draft legal documents, and stamps to mail them. Bounds, 430 U.S. at 824-25. However, inmates "do not have an unlimited right to free postage in connection with the right of access to the courts." White v. White, 886 F.2d 721, 723-724 (4th Cir. 1989) (quoting Twyman v. Crisp, 584 F.2d 352, 359 (10th Cir.1978)). The government can adopt "reasonable postage stamp regulations." King, 814 F.2d at 568.

In addition, prisoners do not have a right to any *particular* mean of access to the court. See Aswegan v. Henry, 981 F.2d 313, 314 (8th Cir. 1992). There is "no established minimum requirement that a state must meet in order to provide indigent inmates with adequate access to the courts." King, 814 F.2d at 568. A court must determine whether the individual inmate before the court has been denied meaningful access. Id.

To establish that he was denied meaningful access to the courts, a plaintiff must submit evidence showing that he suffered an "actual injury" as a result of the defendants' actions. See Lewis v. Casey, 518 U.S. 343 (1996). An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Id. at 348.

Plaintiff has failed to demonstrate that being limited to one envelope per week to correspond with his attorney denied him access to the courts. He does not allege that he was unable to call his attorney to relay the information or that he was unable to send a postcard to his attorney requesting the attorney call Plaintiff or visit Plaintiff at the jail. Cf. Pino v. Dalsheim 558 F. Supp. 673, 674-75 (S.D.N.Y. 1983) (although plaintiff and his attorney would have preferred to communicate by telephone, the state "is not obligated to provide the *best* manner of access," and, therefore, there was no constitutional violation where inmate was limited to two, eight-minute phone conversations per month but was allowed unlimited mail correspondence with his attorney and unlimited private visits). Nor has Plaintiff demonstrated that he suffered an actual injury. His allegation that "[t]here is no way he can get a fair trial" because he "had" to relay information via postcard to his attorney is entirely conclusory and speculative. See Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982) (conclusory and vague allegations will not support a cause of action). Therefore, the Court will dismiss the Complaint.

**V.     Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail

Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. King, 814 F.2d at 567.

**VI. Warnings**

**A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C. Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.   Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).   Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E.   Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **granted**.

(2)   As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $11.91.

(3)   The Complaint (Doc. #1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)   If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

. . . .

. . . .

. . . .

1     (5)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil
rights complaint by a prisoner.

Dated this 20th day of September, 2009.

_____
Robert C. Broomfield
Senior United States District Judge