1 **WO**                                                                                           MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| Rod Dennis Henricks, | ) No. CV 09-8150-PCT-RCB (MEA) |
|---|---|
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Matrese Avila, et al., | ) |
| Defendants. | ) |

On September 3, 2009, Plaintiff Rod Dennis Henricks, who is confined in the Apache County Jail in St. Johns, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a September 21, 2009 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim upon which relief could be granted. The Court gave Plaintiff 30 days to file a first amended complaint that cured the deficiencies identified in the Order.

On October 21, 2009, Plaintiff filed a First Amended Complaint (Doc. #6). The Court will dismiss the First Amended Complaint with leave to amend.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, with leave to amend because the First Amended Complaint may possibly be saved by amendment.

. . . .

. . . .

## II. First Amended Complaint

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. " King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Thus, the Court will consider only the information in the First Amended Complaint.

In his one-count First Amended Complaint, Plaintiff sues the following Defendants at the Apache County Jail: Commander Matrese Avila, Sergeant Rubin Garcia, and Corporal C. Bond. Plaintiff alleges he was denied his right to attorney-client confidentiality. He claims that his attorney had advised him that Plaintiff should get any vital information to the attorney as soon as possible. Plaintiff alleges that he had important information and tried to obtain an envelope so he could write to his attorney and provide the information, but Plaintiff is indigent and Defendants Garcia and Bond told him that, "per [Defendant] Avila," Plaintiff would not receive another envelope until the following Tuesday because he was only entitled to one envelope for his lawyer per week. Consequently, Plaintiff states that he wrote to his attorney on a postcard and he now feels that his "lawyer client confidential[]ity was damaged" and that it will be "hard to get a fair trial." Plaintiff also claims that he was unable to call his attorney because he is indigent, he could not afford a phone card, and the phones to which he had access did not allow him to call collect.

In his Request for Relief, Plaintiff seeks "jail reform," a fair trial, and monetary damages.

## III. Failure to State a Claim

"Indigent inmates have a constitutional right to meaningful access to the courts." King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987) (citing Bounds v. Smith, 430 U.S. 817, 821-23 (1977)). This includes access to a lawyer for trial, paper and pen to draft legal documents, and stamps to mail them. Bounds, 430 U.S. at 824-25. However, inmates "do

1 | not have an unlimited right to free postage in connection with the right of access to the
2 | courts." White v. White, 886 F.2d 721, 723 -724 (4th Cir. 1989) (quoting Twyman v. Crisp,
3 | 584 F.2d 352, 359 (10th Cir.1978)). The government can adopt "reasonable postage stamp
4 | regulations." King, 814 F.2d at 568.

In addition, prisoners do not have a right to any *particular* mean of access to the court. See Aswegan v. Henry, 981 F.2d 313, 314 (8th Cir. 1992). There is "no established minimum requirement that a state must meet in order to provide indigent inmates with adequate access to the courts." King, 814 F.2d at 568. A court must determine whether the individual inmate before the court has been denied meaningful access. Id.

To establish that he was denied meaningful access to the courts, a plaintiff must submit evidence showing that he suffered an "actual injury" as a result of the defendants' actions. See Lewis v. Casey, 518 U.S. 343 (1996). An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Id. at 348.

Plaintiff has failed to demonstrate that being limited to one envelope per week to correspond with his attorney denied him access to the courts. Although he claims that he was unable to call his attorney to relay the allegedly important information, it is unclear why Plaintiff did not use to a postcard to request that his attorney call Plaintiff or visit Plaintiff at the jail. Cf. Pino v. Dalsheim, 558 F. Supp. 673, 674-75 (S.D.N.Y. 1983) (although plaintiff and his attorney would have preferred to communicate by telephone, the state "is not obligated to provide the *best* manner of access," and, therefore, there was no constitutional violation where inmate was limited to two, eight-minute phone conversations per month but was allowed unlimited mail correspondence with his attorney and unlimited private visits). Nor has Plaintiff demonstrated that he suffered an actual injury. His allegation that he "feel[s] that it will be hard to get a fair trial" because he "had" to relay information via postcard to his attorney is entirely conclusory and speculative. See Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982) (conclusory and vague allegations

will not support a cause of action). Therefore, the Court will dismiss the First Amended Complaint.

## IV. Leave to Amend

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference. Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint. Ferdik, 963 F.2d at 1262; Hal Roach Studios, 896 F.2d at 1546. After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint or First Amended Complaint is waived if it is not raised in a second amended complaint. King, 814 F.2d at 567.

## V. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

. . . .

. . . .

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible "Strike"

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's First Amended Complaint (Doc. #6) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2) If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(3) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 7th day of November, 2009.

_____
Robert C. Broomfield
Senior United States District Judge