| 1 | **WO** | MDR |
|---|---|---|

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| Rod Dennis Henricks, | ) | No. CV 09-8150-PCT-RCB (MEA) |
|---|---|---|
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Matrese Avila, et al., | ) | |
| Defendants. | ) | |

Plaintiff Rod Dennis Henricks is confined in the Apache County Jail in St. Johns, Arizona. In a September 21, 2009 Order, the Court granted Plaintiff *in forma pauperis* status and dismissed the Plaintiff's *pro se* civil rights Complaint because Plaintiff had failed to state a claim upon which relief could be granted. The Court gave Plaintiff 30 days to file a first amended complaint that cured the deficiencies identified in the Order. On October 21, 2009, Plaintiff filed a First Amended Complaint. In a November 10, 2009 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim upon which relief could be granted and gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On December 9, 2009, Plaintiff filed a Second Amended Complaint (Doc. #8). The Court will dismiss the Second Amended Complaint and this action.

**I.   Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

## II. Second Amended Complaint

In his one-count Second Amended Complaint, Plaintiff sues the following Defendants at the Apache County Jail: Commander Matrese Avila, Sergeant Rubin Garcia, and Corporal C. Bond. Plaintiff alleges he was denied his right to attorney-client confidentiality. He claims that his attorney had advised him that Plaintiff should get any important information to the attorney as soon as possible. Plaintiff alleges that he tried to obtain an envelope so he could write to his attorney and provide the attorney with important information, but Plaintiff is indigent and Defendants Garcia and Bond told him that, "per [Defendant] Avila," Plaintiff would not receive another envelope until the following Tuesday because he was only entitled

1  to one envelope per week. Consequently, Plaintiff states that he wrote to his attorney on a
2  postcard and he now feels he will "not be able to receive a fair trial."
3  In his Request for Relief, Plaintiff seeks "jail reform," a fair trial, and monetary
4  damages.

**III.  Failure to State a Claim**

"Indigent inmates have a constitutional right to meaningful access to the courts." King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987) (citing Bounds v. Smith, 430 U.S. 817, 821-23 (1977)). This includes access to a lawyer for trial, paper and pen to draft legal documents, and stamps to mail them. Bounds, 430 U.S. at 824-25. However, inmates "do not have an unlimited right to free postage in connection with the right of access to the courts." White v. White, 886 F.2d 721, 723-724 (4th Cir. 1989) (quoting Twyman v. Crisp, 584 F.2d 352, 359 (10th Cir.1978)). The government can adopt "reasonable postage stamp regulations." King, 814 F.2d at 568.

In addition, prisoners do not have a right to any *particular* mean of access to the court. See Aswegan v. Henry, 981 F.2d 313, 314 (8th Cir. 1992). There is "no established minimum requirement that a state must meet in order to provide indigent inmates with adequate access to the courts." King, 814 F.2d at 568. A court must determine whether the individual inmate before the court has been denied meaningful access. Id.

To establish that he was denied meaningful access to the courts, a plaintiff must submit evidence showing that he suffered an "actual injury" as a result of the defendants' actions. See Lewis v. Casey, 518 U.S. 343 (1996). An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Id. at 348.

Plaintiff has failed to demonstrate that being limited to one envelope per week to correspond with his attorney denied him access to the courts. Although he claims that he was unable to call his attorney "collect" to relay the allegedly important information, it appears Plaintiff did not request that prison officials contact his attorney. Plaintiff states that, after he wrote his attorney on postcards, Defendant Garcia informed Plaintiff that, "if you need to get

- 3 -

a hold of your lawyer, just put a request in the box an[d] we will contact your lawyer for you." Moreover, it is unclear why Plaintiff did not use to a postcard to request that his attorney call Plaintiff or visit Plaintiff at the jail. Cf. Pino v. Dalsheim, 558 F. Supp. 673, 674-75 (S.D.N.Y. 1983) (although plaintiff and his attorney would have preferred to communicate by telephone, the state "is not obligated to provide the *best* manner of access," and, therefore, there was no constitutional violation where inmate was limited to two, eight-minute phone conversations per month but was allowed unlimited mail correspondence with his attorney and unlimited private visits).

Nor has Plaintiff demonstrated that he suffered an actual injury. In his postcards, Plaintiff informed his attorney that he wanted to get his co-defendant subpoenaed as a defense witness and that he wanted to put a confidential informant on the stand. Plaintiff claims that after he wrote the postcards, the prosecutor and his co-defendant's attorney told his co-defendant not to have contact with Plaintiff and the prosecutor informed Plaintiff's attorney that the prosecution was not required to produce the confidential informant. Plaintiff has failed to demonstrate that these events were the result of someone other than his attorney reading his postcards. A "more likely explanation[]" is that these events were the result of Plaintiff's attorney complying with Plaintiff's instructions in the postcards. See Iqbal, 129 S. Ct. at 1951. Plaintiff's belief that his ability to obtain a fair trial was compromised is entirely conclusory and speculative. See Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982) (conclusory and vague allegations will not support a cause of action).

**IV.    Dismissal without Leave to Amend**

Because Plaintiff has failed to state a claim in his Second Amended Complaint, the Court will dismiss his Second Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). Repeated

failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. Moore, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1) Plaintiff's Second Amended Complaint (Doc. #8) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

Dated this 30th day of December, 2009.

_____
Robert C. Broomfield
Senior United States District Judge